**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

HOANG SON DO,

              Plaintiff,

   v.

STATE FARM MUTUAL INSURANCE COMPANY,

              Defendant.

Case No. 2:24-cv-00731-BNW

**ORDER**

      Before the Court is Plaintiff's Motion to Remand, which disputes Defendant's amount in controversy calculation. ECF No. 10. Defendant responded, ECF No. 24, and Plaintiff replied. ECF No. 27. Because Plaintiff challenges Defendant's damages calculations and assumptions, Defendant has the burden of showing by a preponderance of the evidence that the jurisdictional threshold is satisfied. But despite pointing to allegations in the complaint, similar cases, and settlement demand letters, Defendant fails to do so. As such, the Court grants Plaintiff's Motion and remands the case to state court. The Court also denies Defendant's Motion to Dismiss, ECF No. 7, as moot.

## I.    BACKGROUND

      This is an insurance case arising from Plaintiff's car accident with a third party. *See generally* ECF No. 1-1. Plaintiff was covered by an Underinsured Motorist ("UIM") Policy with Defendant and made a claim after the at-fault driver's insurance did not fully cover his damages. *Id.* at 3–4. Plaintiff alleges that at the time he sent his settlement demand letters, Defendant was aware that he already received payment from the at-fault driver whose policy limits were insufficient to compensate Plaintiff for the accident. *Id.* According to Plaintiff, Defendant declined to cover his outstanding damages even though it did not dispute the medical records and expenses that he provided. *Id.*

1    Plaintiff initiated this lawsuit in state court in March 2024. ECF No. 1 at 2. A month later,

2    Defendant removed the case to federal court, claiming that the complaint set forth an amount in

3    controversy exceeding $75,000. *Id.* at 3–5. Plaintiff now asks the Court to remand the case

4    because he argues that the general statements in the complaint, his settlement with the at-fault

5    driver, and his remaining medical expenses belie Defendant's contention that the jurisdictional

6    minimum is satisfied. ECF No. 10.

7    **II.    LEGAL STANDARD**

8    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only

9    over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1;

10   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To establish subject matter

11   jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction

12   must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in

13   controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a).

14   A suit filed in state court may be removed to federal court if the federal court would have

15   had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a).

16   However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal

17   jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance*."*

18   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking

19   removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin*

20   *Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

21   A plaintiff may either facially or factually contest a defendant's jurisdictional allegations.

22   *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964–65 (9th Cir. 2020). When a plaintiff mounts a

23   "facial attack," which accepts the allegations as true "but asserts that they 'are insufficient on

24   their face to invoke federal jurisdiction,'" a court need only determine whether the defendant has

25   plausibly alleged the facts necessary to support removal. *Id.* at 959, 964–65 (quoting *Leite v.*

26   *Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).

27   Unlike a "facial attack," a "factual attack" challenges the underlying factual bases of the

28   jurisdictional allegations. *Salter*, 974 F.3d at 964. A plaintiff need not introduce evidence on its

own to mount a factual attack, but rather "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). When a plaintiff mounts a "factual attack," a court must determine "by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Id.* at 700. Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *See Matheson*, 319 F.3d at 1090 (citation omitted).

## III.  ANALYSIS

Plaintiff asks the Court to remand the case because he contends that Defendant failed to establish that the amount in controversy exceeds $75,000. ECF No. 10 at 4–5. Plaintiff first argues that Defendant "submitted no evidence" that the jurisdictional threshold was met. *Id.* at 4. This alone would amount to a facial attack. *See Salter*, 980 F.3d at 961. Nevertheless, a defendant's petition for removal "need not contain evidentiary submissions' but only plausible allegations of jurisdictional elements.'" *Id.* (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)).

However, Plaintiff also challenges Defendant's damages calculations and assumptions, noting that Defendant's calculation ignores that the at-fault driver already paid a portion of the damages and that Defendants included punitive damages in their calculation when Plaintiff did not ask for such damages. ECF No. 10 at 4–5. By challenging the factual basis of the assumptions underlying Defendant's calculations, Plaintiff has mounted a factual attack. *See Harris*, 980 F.3d

at 700. Thus, the Court must determine whether Defendant satisfied its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* at 699.

The parties' arguments discuss the face of the complaint, similar cases, and settlement demand letters. ECF Nos. 10, 24, 27. The Court addresses each, in turn, below.

### A. Face of the Complaint

Defendant contends that the Court "need look no further than reading the plain text" of the complaint to determine that the amount in controversy is satisfied. ECF No. 24 at 2. Plaintiff disagrees, arguing that the only indication as to the amount of controversy in the complaint is the "exempt from arbitration" specification, which means that damages exceed $50,000. ECF No. 10 at 4. Plaintiff also claims that the allegations of damages "in excess of $15,000" are "general statements with nothing more" and thus are insufficient to satisfy the jurisdictional threshold. *Id.*

In examining the complaint, the generic prayer for relief requesting "in excess of $15,000" together with other allegations makes it facially unclear whether the amount in controversy is greater than $75,000. Aggregating Plaintiff's claims for breach of contract, breach of the implied covenant, and unfair claims handling practices sums to $45,000.[1] Defendant then attempts to add an additional $100,000 because it claims that Plaintiff's breach of contract claim seeks full UIM policy limits. ECF No. 24 at 10. However, not only does the plain text of the complaint *not* ask for full policy limits, but the $100,000 figure is nowhere to be found. *See* ECF No. 1-1 at ¶¶ 24–29. Thus, the Court cannot factor in such speculation as Defendant's "burden is not merely to hypothesize to a threshold-satisfying recovery." *Casas v. Geico Indem. Co.*, Case No. 2:13-cv-1567-JAD-CWH, 2013 WL 6284152, at *2 (D. Nev. Dec. 4, 2013) (citation omitted).

Defendant also suggests that attorneys' fees can be added to the amount in controversy. ECF No. 24 at 9–10. But "future attorneys' fees are only included in the amount in controversy [ ]

---

[1] Defendant would have the Court twice count the $15,000 figure for Plaintiff's claim for unfair claims handling practices because the complaint states twice within the claim that Defendant's breach caused damages in excess of $15,000. *See* ECF No. 24 at 10. But examination of the complaint reveals that Plaintiff alleges that Defendant's breach caused damages greater than $15,000 and that all $15,000 in damages were actually and proximately caused by the breach. *See* ECF No. 1-1 at ¶¶ 38–39. But even under Defendant's chosen calculation, aggregation of the claims would only total $60,000.

1    if the underlying statute authorizes such an award." *SFR Invs. Pool 1, LLC v. Bank of Am.*, 2022

2    WL 16920367, at *4 (D. Nev. Nov. 14, 2022) (citing *Fritsch v. Swift Transp. Co. of Ariz.*, 899

3    F.3d 785, 788 (9th Cir. 2018)). Because Defendant fails to identify the applicable statute or

4    contract that provides for attorneys' fees in this case—and only speculates as to the potential

5    amount—its estimations cannot act as a basis for increasing the amount in controversy. *Cayer v.*

6    *Vons Cos.*, 2017 WL 3115294, at *2 (D. Nev. July 21, 2017) (attorneys' fees may be included in

7    amount in controversy if removing party identifies applicable statute and provides estimate as to

8    fee calculation). The Court cannot, based on a $45,000 sum of Plaintiff's claims, make an

9    unsupported leap that attorneys' fees and costs will total over $30,000 to satisfy the amount in

10   controversy. This conclusory, unsupported reasoning does not show the Court that it is more

11   likely than not that the jurisdictional minimum is satisfied.

12       **B.  Similar Cases**

13       Defendant also points to jury verdicts from other cases to argue that the amount in

14   controversy is satisfied here. ECF No. 24 at 5–8. It cites to six cases with varying jury awards

15   exceeding $75,000 as evidence that Plaintiff's claims meet the jurisdictional threshold. *See* ECF

16   No. 24 at 7–8. But Defendant "offers zero analysis as to why a similar award should be

17   anticipated under the facts of this case." *Casas*, 2013 WL 6284152, at *2. Other than stating that a

18   given case involved a similar cause of action (*i.e.*, breach of contract, breach of the implied

19   covenant, etc.), Defendant fails to explain how such cases are factually analogous to Plaintiff's

20   claims here, especially considering that many of the plaintiffs were awarded punitive damages,

21   which Plaintiff does not seek.While jury verdicts in analogous cases can serve as useful evidence

22   of the amount in controversy, they do not here because Defendant simply failed to perform the

23   requisite analysis to show that the jury verdicts Defendant mentions are analogous to the facts of

24   this case. *Dover v. GEICO Cas. Co.*, No. 3:21-cv-00450-MMD-CLB, 2022 WL 816660, at *4 (D.

25   Nev. Mar. 17, 2022).

26

27

28

### C.  Settlement Demand Letters

The only summary judgment-type evidence that Defendant proffers to support its assertion that the amount in controversy is satisfied is Plaintiff's settlement demand letters.[2] ECF Nos. 24-2, 24-3. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citation omitted). But courts have found that a letter does not constitute valid evidence when a plaintiff "expressly disavows" that the letter accurately assesses the value of the claims. *See, e.g.*, *Aguilar v. Wells Fargo Bank, N.A.*, 2015 WL 6755199, at *4 (C.D. Cal. Nov. 4, 2015); *Walker v. CorePower Yoga, LLC*, 2013 WL 2338675, at *7 (S.D. Cal. May 28, 2013).

Here, Defendant contends that the letters evidence an amount in controversy over $75,000 because each demand requested the full policy limits ($100,000 in UIM coverage and $5,000 in medical payment coverage) and detailed $55,139.98 in total medical expenses as well as $24,000 in property damage. ECF No. 24 at 11. But Plaintiff disputes that the letters reflect a reasonable estimate of his claims for two reasons: (1) his demand letters were used for negotiation and are not indicative of how much he will seek in damages at trial; and (2) he already received $74,000 from the at-fault driver and now simply seeks the remaining $5,139.98 in medical bills, along with pain and suffering, attorneys' fees, and costs. ECF No. 27 at 3–4.

Because Plaintiff submits that his policy limit demands were not representative of his claims but were instead "utilized for negotiation," the Court does not find the letters to be relevant evidence of the amount in controversy. *Aguilar*, 2015 WL 6755199, at *4. The fact that only $5,139.98 in medical bills remain also support this conclusion. *See Browne v. Connor*, Case No.

---

[2] Defendant did not authenticate these letters by attaching a declaration from someone with personal knowledge of their contents. Thus, because personal knowledge is *not* relied on to authenticate the letters, the Court determines that, under Federal Rule of Evidence 901(b)(4), the contents and characteristics of the documents appear sufficiently genuine. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777–78 (9th Cir. 2002)). Nonetheless, the Court may also consider them because Plaintiff concedes that he sent the letters and does not dispute their authenticity. *Orr*, 285 F.3d at 776 ("when a document has been authenticated by a party, the requirement of authenticity is satisfied as to that document with regards to all parties, subject to the right of any party to present evidence to the ultimate fact-finder disputing its authenticity.").

2:15-cv-1868-JAD-PAL, 2016 WL 8730562, at *1–*3 (D. Nev. Feb. 5, 2016) (remanding case despite plaintiff having sent $175,000 demand letter when plaintiff's "only documented damage is $17,000 in medical expenses"); *Gonzalez v. Adams*, Case No. 2:16-cv-00196-APG-VCF, 2016 WL 1091091, at *2 (D. Nev. Mar. 21, 2016) (remanding case in part because settlement demand was admittedly inflated beyond actual medical expenses). So even considering the letters, the net effect of Plaintiff's medical bills and property damages (totaling $79,139.98), much of which Plaintiff's settlement with the at-fault driver has already recovered ($74,000) could only add an additional $5,139.98 to the damages set forth in Plaintiff's complaint, which the Court only determined to be $45,000. *See supra* Section III.A at 4.

Thus, the only summary judgment-type evidence that Defendant proffered does not satisfy Defendant's preponderance burden to show that the amount in controversy requirement is satisfied. The Court therefore finds that Defendant has not met its evidentiary burden. And "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added).

**IV.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 10) is **GRANTED**. This action is remanded to the Eighth Judicial District Court in Clark County, Nevada.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close this case.

DATED this 19th day of July 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE